UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT STAGGERT | ) | CASE NO.: _____ |
| 401 E 8th Street # 1152 | ) | |
| Sioux Falls, SD 57103 | ) | Judge: |
| | ) | Magistrate: |
| on behalf of himself and all others similarly | ) | |
| situated, | ) | **PLAINTIFF'S ORIGINAL** |
| | ) | **COMPLAINT: CLASS AND** |
| Plaintiff | ) | **COLLECTIVE ACTION** |
| | ) | |
| vs. | ) | (Jury demand endorsed hereon) |
| | ) | |
| TEAM OIL TOOLS, LP, | ) | |
| c/o Statutory Agent CT Corporation System | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Scott Staggert by and through counsel, and files this Original Complaint against Defendant Team Oil Tools, LP and states and alleges the following:

**INTRODUCTION**

1.      Defendant Team Oil Tools, LP (hereinafter "Defendant") required Plaintiff Scott Staggert and other similarly situated employees to work more than forty hours each workweek but failed to pay them overtime wages for those hours worked in excess of forty in a workweek.

2.      Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to hereinafter as the "FLSA Class Members."

1

3.    In addition to violating the FLSA, Defendant violated the laws of Ohio and Pennsylvania.  Defendant's failure to pay overtime violated the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Con. Stat. § 333.101, *et seq.*  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other non-exempt employees who worked more than forty hours in a workweek as Field Service Technicians or in substantially similar positions for Defendant in Ohio and Pennsylvania.  Members of the Rule 23 Class Action are hereinafter referred to as "Ohio Class Members" and "Pennsylvania Class Members."

4.    The FLSA Class Members, Ohio Class Members, and Pennsylvania Class Members are collectively known as "Class Members."

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

7.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

8.    Plaintiff Scott Staggert is an individual that currently resides in Minnehaha County, South Dakota.  His written consent to this action is attached hereto as Exhibit 1.

2

9.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).  During the relevant time period, Plaintiff worked in Ohio and Pennsylvania for Defendant.

10.     The FLSA Class Members are all current and former Field Service Technicians throughout the United States that worked for Defendant during the three-year period before the filing of this Complaint.

11.     The Ohio Class Members are all current and former Field Service Technicians through the state of Ohio that worked for Defendant during the three-year period before the filing of this Complaint.

12.     The Pennsylvania Class Members are all current and former Field Service Technicians through the state of Pennsylvania that worked for Defendant during the three-year period before the filing of this Complaint.

13.     Defendant Team Oil Tools, LP is a limited partnership organized under the laws of Texas.  Defendant may be served process through its registered agent CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

## <u>COVERAGE</u>

14.     At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

15.     At all material times, Defendant has been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2).

16.     At all material times, Defendant has been an employer within the meaning of the PMWA.  43 Pa. Con. Stat. § 333.103(g).

17.    At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

18.    At all material times, Defendant has been an enterprise or an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.    Furthermore, Defendant has an annual gross business volume of not less than $500,000.00.

20.    At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § 207.

21.    At all material times, Plaintiff and the Ohio Class Members were employees of Defendant within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

22.    At all material times, Plaintiff and the Pennsylvania Class Members were employees of Defendant within the meaning of the PMWA, 43 Pa. Con. Stat. § 333.103(h).

## FACTUAL ALLEGATIONS

23.    Defendant specializes in the design and sale of custom petroleum exploration tools used in the hydraulic fracturing and cementing of wells.  Defendant provides these tools to oil and gas companies throughout the US.

24.    Plaintiff Staggert worked for Defendant as a Field Service Technician from approximately May 2013 to April 2015.  He was based out of Defendant's Marietta, Ohio office and he primarily worked in Ohio and Pennsylvania.

25.    As a Field Service Technician, his primary job duty was to connect and maintain

the products manufactured by Defendant at various oil and gas job sites.

26.    A Field Service Technician is a manual labor job that requires intense physical labor.  Field Service Technicians are exposed to the elements at well sites and are required to wear personal protective equipment, such as hardhats, goggles, and flame resistant clothing to protect them from the dangerous conditions.

27.    For their work, Plaintiff and other Field Service Technicians are paid a salary and a day rate for each day spent in the field.  They are not paid overtime.

28.    Plaintiff routinely worked in excess of forty hours in a week for Defendant.  He commonly stayed at the well site, alternating 12 hour shifts with another Field Service Technician, for days at a time.  Many of his work weeks exceeded 80 hours.

29.    Plaintiff's and the Class Members' primary duty does not involve managing the enterprise or customarily recognized department or subdivision of the enterprise.

30.    Plaintiff and the Class Members do not customarily or regularly direct the work of two or more full-time employees.

31.    Plaintiff and the Class Members do not have the authority to hire or fire other employees nor do they make recommendations that are given any particular weight regarding hiring, firing, or changing the employment of status of other employees.

32.    Plaintiff's and the Class Members' primary duty does not involve office or non-manual work.  In fact, Plaintiff and the Class Members work in the field, away from an office environment, and their work involves manual labor.

33.    Plaintiff's and the Class Members' primary duty does not require the exercise of independent judgment or discretion.  Instead, Plaintiff and the Class Members are required to

follow a strict protocol of rules and procedures when performing their work with Defendant's tools and equipment.

34.    Plaintiff's and the Class Members' primary duty does not involve work in a recognized field of science or learning that requires advanced knowledge acquired through a long course of specialized intellectual instruction or a specialized educational degree.  In fact, there is not an educational requirement to obtain a job as a Field Service Technician.

35.    Plaintiff's and Class Members' primary duty does not involve work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

36.    Plaintiff and Class Members were scheduled to and in fact, worked more than 40 hours per week.

37.    Defendant uniformly classifies Field Service Technicians as exempt from overtime.

38.    Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA and Ohio and Pennsylvania mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

39.    No exemption applies to Plaintiff or the Class Members to deny them overtime wages.

40.    Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so.  Accordingly, Defendant's

violations of the law were willful.

## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

41.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

42.     Defendant's practice of failing to pay Plaintiff a time-and-a-half rate for hours in excess of forty (40) each workweek violates the FLSA, 29 U.S.C. § 207.

43.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours each workweek as a result of Defendant's misclassification of its employees.

45.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout multiple locations for Defendant.

46.     Other workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours each workweek.

47.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours each workweek, Defendant has denied them full compensation for their hours worked over forty (40).

48.     Defendant has misclassified and continues to misclassify FLSA Class Members as exempt employees.

49.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt employees by Defendant.

50.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

51.     As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

52.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

53.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

54.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

55.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) each workweek.

56.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

57.    As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and Field Service Technicians that worked for Defendant during the three-year period before the filing of Plaintiff's Original Complaint up to the present.

## COUNT TWO:  VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.

58.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

59.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA.  At all relevant times, Defendant has employed and continues to employ, "employees," including the Ohio Class Members and Plaintiff, within the meaning the OMFWSA.

60.    The OMFWSA requires payment of one and one-half times the employee's regular rate for each hour worked each workweek over 40 hours.  O.R.C. § 4111.03.

61.    In denying compensation at the requisite Ohio overtime rate, Defendant violated the OMFWSA.

62.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Class Members have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the Ohio Class Members are entitled to unpaid overtime, attorneys' fees, and costs incurred in connection with this claim.

63.    Having violated the OMFWSA, Defendant is liable to Plaintiff and Ohio Class Members pursuant to O.R.C. § 4111.10 for the full amount of their unpaid overtime and for costs and reasonable attorneys' fees.  Additionally, Defendant is liable to Plaintiff and Ohio Class Members for an amount equal to twice their unpaid wages.  O.R.C. § 4111.14(J).

### COUNT THREE:  VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT, 43 PA. CON. STAT. § 333.001, et seq.

64.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

65.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which they are employed. See 43 PA. CON. STAT. § 333.104(c).

66.     Defendant's compensation scheme applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 PA. CON. STAT. § 333.104(c).

67.     Defendant knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 43 PA. CON. STAT. § 333.104(c).

68.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA protections.

69.     In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions

### RULE 23 CLASS ACTION ALLEGATIONS

70.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

71.     Plaintiff brings his overtime claims arising under the OMFWSA and the PMWA as a Rule 23 class action on behalf of the following classes:

> **Ohio Class:**  All current and former Field Service Technicians who worked for Defendant in Ohio at any time during the three-year period before the filing of this Plaintiff's Original Complaint up to the present.

> **Pennsylvania Class:** All current and former Field Service Technicians who worked for Defendant in Pennsylvania at any

time during the three-year period before the filing of Plaintiff's Original Complaint up to the present.

72.     Although Plaintiff does not know the precise number of members of the proposed classes, Plaintiff believes there are more than 40 individuals that fit into each class.

73.     The members of the classes are so numerous that their individual joinder is impractical.

74.     The identity of the members of the Ohio and Pennsylvania Classes is readily discernible from Defendant's records.

75.     Plaintiff and the proposed Classes on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

76.     Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

> a) Whether Plaintiff and the Ohio Class Members and Pennsylvania Class Members worked hours in excess of forty hours each workweek;
>
> b) Whether Plaintiff and the Ohio Class Members and Pennsylvania Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Ohio or Pennsylvania law;
>
> c) Whether Defendant failed to properly classify Plaintiff and the Ohio Class Members and Pennsylvania Class Members as non-exempt employees under Ohio law or Pennsylvania; and
>
> d) The amount of damages that are owed.

77.     These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the classes.

78.     Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Ohio or Pennsylvania law and because Defendant classified him as exempt from overtime, just as was done with respect to the Ohio Class Members and Pennsylvania Class Members.

79.     Plaintiff is an adequate representatives of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously.   The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

80.     The class action applying Ohio and Pennsylvania state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

81.     The operative question in this case is whether the workers in question were wrongfully classified as exempt employees.  The same essential test is used to determine exempt

employee status under the FLSA, the OMFWSA, and the PMWA therefore evidence common to all classes will be determinative to all classes.

## DAMAGES SOUGHT

82.    Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

83.    Plaintiff and the Ohio Class Members are entitled to recover their unpaid overtime compensation.  O.R.C. § 4111.10.

84.    Plaintiff and the Pennsylvania Class Members are entitled to recover their unpaid overtime compensation.  43 Pa. Con. Stat. § 333.113.

85.    Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

86.    Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs.  29 U.S.C. § 216(b).

87.    Plaintiff and the Ohio Class Members are entitled to recover attorney's fees and costs and interest.   O.R.C. § 4111.10.

88.    Plaintiff and the Pennsylvania Class Members are entitled to recover attorney's fees and costs and interest. 43 Pa. Con. Stat. § 333.113.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Class Members, Ohio Class Members, and Pennsylvania collectively pray that this Honorable Court:

A.    Issue an order permitting this litigation to proceed as a collective action;

B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.    Issue an order certifying this case as a Rule 23 Class Action;

D.     Award Plaintiff and the Class Members actual damages for unpaid overtime wages for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

E.     Award Plaintiff and the FLSA Class Members liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the FLSA Class Members;

F.     Award Plaintiff and the Class Members pre- and post-judgment interest at the statutory rate;

G.     Award Plaintiff and the Class Members attorneys' fees, costs, and disbursements; and

H.     Award Plaintiff and the Class Members such further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Telephone:  216-696-5000
Facsimile:  216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

Don J. Foty (will apply for admission *pro hac vice*)
KENNEDY HODGES, L.L.P.
Texas State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@kennedyhodges.com

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demand a trial by jury on all eligible claims and issues

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through the lawsuit filed against Team Oil Tools.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Signature:    _Scott Staggert_                  Date:    Aug 24, 2016
              Dr (Aug 24, 2016)

Full Name:        Dr

Street Address:   401 E 8th St STE 214 #1152

City, State, Zip: Sioux Falls,  SD.  57103

Phone:            570 490 4751

Email:            scott.staggert@yahoo.com

**eSign or return to:**
The Lazzaro Law Firm, LLC
920 Rockefeller Building / 614 W. Superior Avenue / Cleveland, Ohio 44113
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com